IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
**GAINESVILLE DIVISION**

CASE NO.:

CLEO GALLUCCIO, an individual,

Plaintiff,

vs.

WAL-MART STORES EAST, LP, a Foreign Limited Partnership, and DONALD CHAVIS, an individual,

Defendant.

______________________________________/

**DEFENDANTS', WAL-MART STORES EAST, LP., AND DONALD CHAVIS' JOINT NOTICE OF REMOVAL**

Defendant, WAL-MART STORES EAST, LP, ("Wal-Mart"), and Donald Chavis, ("Chavis"), jointly and by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 8th Judicial Circuit Court in and for Alachua County, Florida, Case No. 2020-CA-000559, with full reservation of rights, exceptions and defenses, and in support thereof states:

**FACTUAL BACKGROUND**

1. On February 25, 2020, Plaintiff commenced this action by filing a complaint against Wal-Mart Stores East, L.P. and James Liard, in the 8th Judicial Circuit in and for Alachua County, Florida. *See* Pl.'s Complaint attached as Exhibit "A."

2. The Complaint was served on Wal-Mart on April 3, 2020. *See* Service of Process Transmittal attached as Exhibit "B."

3. Plaintiff's Complaint alleges that James Liard was a Wal-Mart Store Manager working at the subject store on the date of incident and was personally involved in incident alleged in the Complaint. *See* Pl.'s Complaint attached as Exhibit "A." at ¶¶ 4, 14-15.

4. On July 13, 2020, Plaintiff filed a Partial Voluntary Dismissal with Prejudice as to James Liard as he was not employed by the subject store on the date of the incident alleged in Plaintiff's Complaint. *See* Notice of Partial Dismissal with Prejudice attached as Exhibit "C."

5. Thereafter, on August 17, 2020, the 8th Judicial Circuit in and for Alachua County issued an Order granting Plaintiff's Motion for Leave of Court to File Amended Complaint to add Store Manager Donald Chavis as a defendant. Pursuant to the Order, the Amended Complaint was deemed filed as of August 14, 2020. *See* Order on Motion for Leave of Court to File Amended Complaint attached as Exhibit "D."

6. Plaintiff's Amended Complaint alleges that on December 29, 2018, Store Manager Donald Chavis was personally involved in the incident alleged in the Amended Complaint. *See* Pl.'s Amended Complaint attached as Exhibit "E" at ¶¶ 5, 14-16.

7. The Plaintiff's Amended Complaint against Wal-Mart and store manager, Donald Chavis, are for claims sounding in negligence as a result of injuries which the Plaintiff allegedly sustained on December 29, 2018, arising from an incident at the subject Wal-Mart store located at 2900 SW 42nd Street, Gainesville, Alachua County, Florida. *See* Exhibit "E" at ¶¶ 6-8.

8. Plaintiff alleges that while shopping at the subject store "she slipped and fell in the walkway due to a transitory substance." *See* Exhibit "E" at ¶¶ 9, 12, 21.

9. Further, Plaintiff alleges that Wal-Mart breached a duty owed to the Plaintiff by, including but not limited to, failing to maintain or adequately maintain the premises in a reasonably safe condition, failing to inspect or adequately inspect the premises for hazardous conditions,

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

failing to warn or adequately warn of a danger on the premise, and failing to correct or adequately correct an unreasonably dangerous condition. *See* Exhibit "E" at ¶ 11.

10. As for co-defendant, store manager, Donald Chavis, ("Chavis"), Plaintiff alleges that as the store manager, Chavis, was "directly responsible for maintaining and operating the store" including the area where the Plaintiff's incident occurred, "directly responsible for executing the policies and procedures of store management," "personally involved" in Wal-Mart's conduct described in the Complaint, and as a result Chavis, owed a duty to Plaintiff to maintain the store in a reasonably safe condition and warn her of any latent dangers. *See* Exhibit "E" at ¶ 15, 16, 18, 19.

11. Further, Plaintiff alleges that Chavis breached the duties that he owed to the Plaintiff by engaging in negligent practices that permitted the existence of a transitory substance on the walkway of the premises, failing to ensure employees maintained the store in a reasonably safe condition, failing to maintain the premises free from hazardous conditions, failing to have adequate policies and procedures in place to prevent hazardous conditions on the premise, failing to warn the Plaintiff of a unreasonably dangerous condition, and failing to correct a dangerous condition on the store's walkway. *See* Exhibit "E" at ¶ 20.

12. Plaintiff specifically identifies Chavis in his capacity as store manager for the subject Wal-Mart store. *See* Exhibit "E" at ¶ 14.

13. Plaintiff's Amended Complaint ***fails to allege any facts indicating Chavis was actively negligent by actively participating*** in and committing any tort to cause Plaintiff's incident. Furthermore, the Complaint fails to even allege that Chavis was ever on duty at the time of the Plaintiff's incident. Instead, Plaintiff alleges Chavis was acting in his capacity as the store manager on the date of the incident, owed and breached a duty to Plaintiff.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

14. As shown more fully below, it is evident that Plaintiff's Amended Complaint fails to allege any facts that Chavis had any active participation and active involvement in the alleged incident. *See* Chavis' Declaration attached as Exhibit "F."

15. Rather, the Plaintiff joined Chavis solely to destroy diversity jurisdiction.

16. The Plaintiff alleges that at the time of the incident she was a resident of Gilchrist County. *See* Exhibit "E" at ¶ 2. It is well-established that residency is *prima facie* evidence of domicile, which is equivalent to residency for purposes of diversity of citizenship.

17. On December 16, 2019, Plaintiff submitted a **pre-suit demand letter offering to settle this claim for $750,000.00**, when her included medical records and **bills totaled $41,512.25**. *See* demand letter attached as Exhibit "G."[1] At this time, there was insufficient evidence that the amount in controversy for federal court jurisdiction was sufficed.

18. On or about September 2, 2020, the Plaintiff served Answers to Interrogatories propounded by the Defendant, which indicated Plaintiff has incurred medical bills, which total $153,764.00. *See* Redacted Answers to Interrogatories attached as Exhibit "H."

19. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

20. Wal-Mart requests this Court disregard the citizenship of Chavis when determining that diversity jurisdiction exists in this case, and to dismiss Chavis as he did not actively participate in bringing about Plaintiff's incident.

---

[1] Wal-Mart has not filed the entire complement of medical records, which Plaintiff submitted with her pre-suit demand letter in order to protect the Plaintiff's personal information. Should the Court wish to see these documents, Wal-Mart can provide same in accordance with the Court's direction.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

21. Wal-Mart attaches hereto and incorporates into this Notice a copy of the process, pleadings, and other papers filed in the 8th Judicial Circuit in and for Alachua County, Florida together with a docket sheet from the Clerk of Court. *See S*tate court filings attached as Composite Exhibit "I."

22. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

**REMOVAL IS TIMELY**

23. In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Answers to Interrogatories. Plaintiff's Answers to Interrogatories is the initial document setting forth the claim for relief against the Defendant upon which Plaintiff's action is based.

24. The thirty (30) day period commenced on September 2, 2020, when Plaintiff served her Answers to Interrogatories. *See* Exhibit "H."

25. Venue exists in the United States District Court for the Northern District of Florida, Gainesville Division, because the 8th Judicial District in and for Alachua County, where Plaintiff filed her state court Complaint is located in Alachua County Florida, which is located within the United States District Court for the Northern District of Florida, Gainesville Division.

**DIVERSITY OF CITIZENSHIP**

26. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).


HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**A. Citizenship of Wal-Mart Stores East, LP.**

27. At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a foreign limited partnership, which is, and was at the time the above captioned case was filed in State Court, a Delaware Limited Partnership.

28. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP.

29. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies.

30. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company.

31. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc.

32. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware.

33. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas.

34. Hence, Wal-Mart Stores East, LP, is not, and was not at any time, a citizen of Florida. *See* Florida Department of State, Division of Corporations, Detail by Entity Name for Wal-Mart Stores East, L.P., attached as Composite Exhibit "J."

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## B. Citizenship of Plaintiff, Cleo Galluccio

35. Plaintiff's citizenship should be determined by her domicile in the State of Florida, evidenced by her affirmation of residency in the State for over 10 years and proclamation that her residency "remains" in the State. *See* Exhibit A at ¶2. *See also* Exhibit H, No. 1. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction…And domicile requires both residence in a state and 'an intention to remain there indefinitely. . . .'" *Haxton v. State Farm Mut. Auto. Ins. Co. Bd. of Dirs*., 2014 U.S. Dist. LEXIS 98649, *12-13 (N.D. Fla. June 17, 2014) (internal citations omitted).

36. "Individual parties and corporate parties are treated differently with respect to diversity of citizenship. An individual has a single state citizenship whereas a corporation 'is a citizen of both the state where it is incorporated and the state where it has its principle place of business.'" *Bartram, LLC v. C.B. Contractors, LLC*, 2010 U.S. Dist. LEXIS 92008, *5 (N.D. Fla. Aug. 10, 2010) (citing *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005).)

37. Plaintiff, Cleo Galluccio, alleged that at all times pertinent to the allegations in the Complaint, she was and remains a resident of Gilchrist County, Florida. *See* Exhibit "E." at ¶ 2. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, it is well established that a party's place of residence is prima facie evidence of a party's domicile. *Moore v. N. Am. Sports, Inc.*, 2008 U.S. Dist. LEXIS 102437, *3-4 (N.D. Fla. Dec. 9, 2008) (citing *Stine v Moore*, 213 F.2d 446, 448 (5th Cir. 1954); *District of Columbia v. Murphy* 314 U.S. 441, 455, 62 S. Ct. 303, 310, 86 L. Ed. 329 (1941) (the place where a person lives is properly taken to be his domicile until facts adduced establish the contrary).)

38. Here, diversity jurisdiction can also be found through the deduction that Plaintiff is a citizen of Florida based on her declared and ongoing residency, and the lack of evidence that

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Plaintiff is a citizen of or domiciled in the State of Delaware, like Defendant Wal-Mart. Therefore, subject matter jurisdiction is evident in that this matter brought from a Florida State Court is between Plaintiff who is declaring domicile in Florida and Wal-Mart who are domiciled in Delaware.

**C. Complete Diversity Between the Parties Exists Because Chavis Was Fraudulently Joined to Defeat Diversity Jurisdiction.**

39. The citizenship of co-defendant, Chavis, should be disregarded because he was fraudulently joined in an attempt to destroy otherwise valid diversity jurisdiction. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006); *Evelyne Petigny v. Wal-Mart Stores East, L.P.*, Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.*, Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

40. Courts routinely disregard the citizenship of fraudulently joined parties when determining whether diversity jurisdiction exists. *Stillwell v. Allstate Ins. Co.*, 663 F.3d at 1332. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate by clear and convincing evidence either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently plead jurisdictional facts to bring the resident defendant into the state court. *See Stillwell*, 663 F.3d at 1332; *Henderson*, 454 F.3d at 1281.

41. The determination of whether the resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits submitted by the parties. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

HAMILTON, MILLER & BIRTHISEL LLP

150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

42. The issue of whether there is no possibility the plaintiff can establish a cause of action against the resident defendant turns on whether liability can be imposed on the resident defendant. *Partners for Pets, Inc. v. S. Owners Ins. Co.*, 2019 U.S. Dist. LEXIS 228220, *4-5 (N.D. Fla. May 13, 2019); *Hunt v. Target Corp.*, Case No. 14-80266-CIV, 2014 U.S. Dist. LEXIS 54179, at *3-5 (S.D. Fla. Apr. 18, 2014); *Tynes v. Target Corp.*, Case No. 12-24302-CIV, 2013 U.S. Dist. LEXIS 40355, at *4-5 (S.D. Fla. Mar. 22, 2013). If a defendant shows that "there is no possibility that plaintiff can establish a cause of action against the resident defendant . . . the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007)

43. Under Florida law, "a corporate agent or employee may not be held personally liable simply because of his general administrative responsibility or performance of some function of his employment **– *he or she must be actively negligent.*** " *Id* (quoting *McElveen v. Peeler*, 554 So.2d 270, 272 (Fla. 1st DCA 1989); *see also Niurka De Varona v. Discount Auto Parts, LLC.*, 860 F. Supp. 2d 1344, 1348 (S.D. Fla. 2012) (quoting *Orlovsky v. Solid Surf.*, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981) ("[i]t is well established under Florida law that ***[a store manager] does not incur personal liability for the corporation's tort merely by reason of the officer's official character***")).

44. In *Tynes*, the plaintiff, a Florida citizen, filed a complaint in state court alleging negligence against Target Corporation, a Minnesota citizen, and an unnamed employee, John Doe, arising from a slip and fall incident inside a Miami Target store. *Tynes*, 2013 U.S. Dist. LEXIS 40355, at *1. The defendant removed the case seeking to invoke diversity jurisdiction. *Id* at *1. Plaintiff moved to remand the case because the plaintiff identified through discovery the identity of John Doe—Target employee Wilbert A. Hernandez—and claimed that he was a resident of

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Miami-Dade County. *Id* at *2. In denying plaintiff's motion to remand, the court found there was little possibility that the plaintiff could prove a cause of action for negligence against Mr. Hernandez because the plaintiff failed to allege any individual duty was owed or that the tort in question was committed in the store manager's individual capacity. *Id*. at *4-6.

45. *In Niurka De Varona*, the plaintiff, a Florida citizen, filed a negligence claim against Advance Auto Parts, a Virginia Corporation. *Niurka De Varona*, 860 F. Supp. 2d at 1345. Plaintiff amended her complaint and named the store manager, a Florida resident, as a joint defendant asserting a separate count of negligence against the store manager. *Id.* Specifically, the plaintiff alleged the store manager had a duty to use ordinary care to maintain the store premises in a reasonable safe condition and was negligent by failing to remove the dangerous condition or warn the plaintiff of it. *Id*. Thereafter, the defendant removed the case arguing the citizenship of the store manager should be disregarded because he was fraudulently joined solely to avoid federal jurisdiction. *Id.* at 1346. In support of its notice of removal, Advance Auto Parts presented an affidavit from the store manager denying any personal responsibility for the plaintiff's incident, attesting that he was not in the parking lot when the alleged accident occurred, that he could not see the parking lot from his vantage point in the store, and that he had no knowledge of any hazardous condition in the parking lot on the date of the incident. *Id*. The court denied the plaintiff's motion to remand the stating "plaintiff has provided no facts showing that [the store manager] played any role in her injuries" and that ***a store manager does not incur personal liability for a corporation's torts merely by reason of the store manager's official title.*** *See id*. (*citing Orlovsky*, 405 So. 2d at 1364).

46. Similarly, in *Pritchard*, the court also denied plaintiff's motion to remand because the plaintiffs failed to point to any evidence in support of their claim that the store manager was

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

actively negligent. *Pritchard v. Wal-Mart Stores, Inc.*, Case No. 8:09-cv-46, 2009 U.S. Dist. LEXIS 18593, at *7. In *Pritchard*, the plaintiffs filed suit against defendants Wal-Mart and one of its store manager in state court alleging claims of negligence and loss of consortium. *Id*. at *1. The plaintiffs alleged the store manager owed a duty to plaintiffs to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises,[2] and the store manager breached those duties by acting negligently in falling to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises. *Id*. Wal-Mart removed the case based upon diversity jurisdiction despite the Florida citizenship of the store manager pursuant to the fraudulent joinder doctrine. *Id*. Thereafter, the store manager filed a motion to dismiss based on fraudulent joinder. *Id*. The defendants submitted a declaration from the store manager, in which she stated she had no prior knowledge of the dangerous condition, and no one, including customers from her store, notified her of the dangerous condition prior to the plaintiff's incident. *Id*. at *2. Wal-Mart submitted evidence that the store manager was not personally involved in the incident at issue, and as such, the store manager could not be found to be actively negligent. *Id.* at *3. The court agreed with Wal-Mart that the store manager was fraudulently joined as a defendant because the plaintiffs could not establish that the store manager was personally at fault for the plaintiffs' injuries as there was no evidence to support that the store manager was actively negligent. *Id*. The court denied the plaintiffs' motion to remand and granted the store manager's motion to dismiss. *Id.*

---

[2] Under Florida law, negligent mode of operation claims based upon transitory foreign substances are no longer a viable cause of action since the enactment of Florida Statute section 768.0755. *See Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014). To be clear, *Pritchard* did not involve a transitory foreign substance.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

47. Further, in *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* and *Franco v. Wal-Mart Stores East, L.P.,* Judge Moreno dismissed the store employees who had been sued in their capacity as Wal-Mart managers on the basis that Plaintiff failed to allege any facts that the store managers were actively negligent (i.e. actively participated in braining about the plaintiff's incident. *See Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

48. In the instant case, although Chavis was the store manager at the subject Wal-Mart store where the Plaintiff's incident allegedly occurred on December 29, 2018, there is no possibility that Plaintiff can prove a cause of action for negligence against him because he was not actively negligent and had no personal involvement in Plaintiff's incident. *See Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 U.S. Dist. LEXIS 18359, at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

49. Most importantly, Chavis did not commit or participate in Plaintiff's alleged tort and did not play any role in Plaintiff's alleged injuries as he:

   a. Did not, at any time, own, control or operate the subject Wal-Mart store neither in his individual capacity nor as Store Manager;

   b. did not witness Plaintiff's incident;

   c. did not personally participate in the events leading up to Plaintiff's alleged incident nor did I individually engage in tortious conduct;

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

d.  did not cause any transitory substance to be placed in the path of the where the Plaintiff was walking nor the area of Plaintiff's incident on December 29, 2018, or any other day;

e.  did not observe any transitory substance or hazardous condition in the area of Plaintiff's incident immediately prior to same;

f.  did not have any knowledge of any transitory substance or hazardous condition in the area of Plaintiff's incident immediately prior to same;

g.  was not in the area of Plaintiff's alleged incident prior to her alleged incident, nor was I in the area of the incident at the time of Plaintiff's incident;

h.  was not at the subject store immediately prior to nor at the time of Plaintiff's incident; and

i.  did not investigate the Plaintiff's incident on the date of her incident. *See* Chavis' Declaration attached as Exhibit "F."

50. Therefore, Chavis had no knowledge of the alleged dangerous condition prior to Plaintiff's incident, and had no involvement therewith. *See id.; see also Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 2009 U.S. Dist. LEXIS at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

51. Essentially, Plaintiff has sued Chavis because Plaintiff has discovered he was the store manager on the day of the Incident. As discussed above, this is contrary to Florida law.

52. After disregarding the fraudulently joined defendants, there can be no dispute that the citizenship of the Parties is diverse.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**AMOUNT IN CONTROVERSY**

53. The amount in controversy exceeds $75,000.00.

54. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, it is clear from Plaintiff's Unverified - Answers to Interrogatories that her claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See* Exhibit "H."

55. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

56. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)).

*57.* The well-established rule adopted by the Eleventh Circuit states that a removing party can offer its own affidavits, declarations, or other documentation to establish federal removal jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 759 (11th Cir. 2010) (discussing Eleventh Circuit law that states that a defendant may submit a wide range of

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Simmons v. Intertek Testing Servs. Na, 2011 U.S. Dist. LEXIS 160865, *4-5 (N.D. Fla., November 10, 2011).*

58. Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint an amount in controversy that meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754). Furthermore, a removing defendant, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka*, 608 F.3d at 754. Thus, all that is required is that Wal-Mart show, by a preponderance of the evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id.* at 752.

59. Additionally, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand. *See Katz*, 2009 WL 1532129 at *4 (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). Also, "a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)).

60. Similarly, the Eleventh Circuit Court has held that ***responses to discovery***, deposition transcripts, and other documents can constitute and be considered the "***other paper***" pursuant to, and required by, 28 U.S.C. § 1446(b)(3). *See Wilson v. General Motors Corp.*, 888 F.2d 779, 780 (11th Cir. 1989) (discussing that plaintiff's response to defendant's requests for admissions was the "paper from which it [was] first ascertained that the case [was] one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(3)); *Lowery v. Alabama Power Co.*,

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

483 F.3d 1213, n. 61 (noting that a number of documents have been judicially recognized as such, including interrogatory responses).

61. Applying this principle, The Northern District Court of Florida, in *Clark*, held that Plaintiff's Unverified Answers to Interrogatories served on the Defendant, qualified as an "other paper" from which it may first be ascertained that the case is one which is or has become removable. *Clark v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 165440 (N.D. Fla. Dec. 10, 2015) Explaining its position, the Court opinioned that the "30-day clock starts to run when the documents received by a defendant "contain an unambiguous statement that clearly establishes federal jurisdiction…. The unsigned interrogatories and the other documents produced provided facts establishing complete diversity and that the amount in controversy exceeded the jurisdictional minimum." *Id*. at *6-8. Making unverified answers to interrogatories analogous to the pre-suit demand letters, the Court articulates that the communication establishing that amount in controversy does not have to be formal, but instead can be informal as long as it provides enough notice. *Id*. at *8.

62. Accordingly, this Court may look to Plaintiff's discovery responses, and particularly, Plaintiff's Answers to Interrogatories when determining that the amount in controversy exceeds $75,000.00 for purposes of removal based on diversity jurisdiction.

63. Similar to *Clark*, the relevant portions of Plaintiff's itemized and specifically detailed Unverified Answers to Interrogatories conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Specifically, the ***Plaintiff's past medical bills as it related to injuries sustained as a result of the December 29, 2018 incident, alone total $153,764.00***. *See* Exhibit "H," No. 22. In addition to Plaintiff's past medical bills incurred, the Plaintiff's Amended Complaint alleges damages for pain and suffering, disability,

disfigurement, permanent scarring, mental anguish, and loss of the ability to earn money. *See* Exhibit "D." at ¶¶ 13, 22.

64. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.

65. In this case, Plaintiff's Answers to Wal-Mart's Interrogatories and the allegations of the Amended Complaint conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional threshold. *See* Exhibit "D" at ¶ 1; and see Exhibit "H" at No. 22.

66. Based on the foregoing, Wal-Mart has established that Plaintiff's claimed damages in this case exceed $75,000.00 by Plaintiff's own Answers to discovery requests regarding damages related to the alleged incident set forth in Plaintiff's Amended Complaint. As such, removal is proper.

**CONCLUSION**

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 8th Judicial Circuit in and for Alachua County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P., ("Wal-Mart"), respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2020-CA-000559, on the docket of the Court for the 8h Judicial Circuit in and for Alachua County, Florida, be removed from that Court to the United

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

States District Court for the Northern District of Florida, Gainesville Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

**Dated: October 2, 2020**

Respectfully Submitted,

/s/ Jackeline Rodriguez

Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Jackeline Rodriguez
Florida Bar No. 70435
jrodriguez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Defendant, Wal-Mart Stores East, LP*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 2, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by electronic mail.

***/s/ Jackeline Rodriguez***
Jackeline Rodriguez

**SERVICE LIST**

Ryan L. Gilbert, Esq.
Morgan & Morgan
104 North Main Street, 5th Floor
Gainesville, Florida 32601
Telephone: (352)-204-4736
Facsimile: (352)-204-4736
rgilbert@forthepeople.com
darcywhite@forthepeople.com
kmckenzie@forthepeople.com
*Attorney for Plaintiff*

19
HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690