Filing # 103836572 E-Filed 02/25/2020 09:41:19 AM

IN THE CIRCUIT COURT, EIGHTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO: **2020 CA 0559**
DIVISION: **J**

**CLEO GALLUCCIO**, an individual,

    Plaintiff,

vs.

**WAL-MART STORES EAST, L.P.**,
a Foreign Limited Partnership, and
**JAMES LIARD**, an individual,

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, CLEO GALLUCCIO, and sues Defendants, WAL-MART STORES EAST, L.P., a Foreign Limited Partnership and JAMES LIARD, an individual, and alleges:

### COMMON ALLEGATIONS AS TO ALL COUNTS

1. This is an action for damages that exceed the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff, CLEO GALLUCCIO, was and remains a resident of Gilchrist County, Florida.

3. At all times material hereto, including December 29, 2018, Defendant, WAL-MART STORES EAST, L.P., was and remains a foreign limited partnership that operates and maintains that certain business located at 2900 SW 42nd St, Gainesville, Alachua County, FL 32608, which is known as Walmart Supercenter #1081.

4. At all times material hereto, including December 29, 2018, Defendant, JAMES LIARD, was a store manager of Defendant, WAL-MART STORES EAST, L.P., who was working at the WAL-MART STORES EAST, L.P., Walmart Supercenter #1081, located at 2900 SW 42nd St, Gainesville, Alachua County, FL 32608, and was personally involved in the incident described in this Complaint.

5. Venue in Alachua County, Florida is proper as the injuries sustained by Plaintiff, CLEO GALLUCCIO, occurred at 2900 SW 42nd St, Gainesville, Alachua County, FL 32608.

## COUNT I
### (CLEO GALLUCCIO v. WAL-MART STORES EAST, L.P.)

Plaintiff, CLEO GALLUCCIO, realleges paragraphs 1 through 5 as though fully set forth herein.

6. At all times material hereto, including December 29, 2018, Defendant, WAL-MART STORES EAST, L.P., owned, operated, leased, possessed, controlled, or managed the premises located at the Walmart Supercenter store #1081, 2900 SW 42nd St, Gainesville, Alachua County, FL 32608, said business being that of a retail store open to the general public and to those persons lawfully invited to be upon said premises.

7. On or about December 29, 2018, Plaintiff, CLEO GALLUCCIO was lawfully upon Defendant, the premises of WAL-MART STORES EAST, L.P., located at the above address as a business invitee.

8. At said time and place, Plaintiff fell in the subject premises of Defendant, WAL-MART STORES EAST, L.P., due to a transitory substance on the floor, with no warning thereof.

9. At said time and place, Defendant, WAL-MART STORES EAST, L.P., owed Plaintiff a duty to exercise reasonable care for her safety.

10. At said time and place, Defendant, WAL-MART STORES EAST, L.P., breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the premises, thus creating a hazardous condition in the area of the fall to members of the public utilizing said premises, including the Plaintiff herein, and creating an unreasonably dangerous slipping hazard, to wit: a transitory substance in the walkway at the store, and no warning thereof, at the subject premises, being in violation of the applicable building codes and standards and life safety rules, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently failing to inspect or adequately inspect the premises, as specified above, to ascertain whether a transitory substance in the walkway at the store, and no warning thereof, at the subject premises constituted a hazard to customers utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   c) Negligently failing to warn or adequately warn the Plaintiff of the above danger of the premises, when Defendant knew or through the exercise of reasonable care

Apr 27 2020 18:44:19 CDT   FROM: F2M/5884630981I   MSG# 1610177528-005-1   PAGE 008 OF 013

should have known that said premises was unreasonably dangerous and that Plaintiff was unaware of same; and

d) Negligently failing to correct or adequately correct the unreasonably dangerous condition of a transitory substance on the floor, and no warning thereof, at the subject premises, when said conditions were either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of them, had Defendant exercised reasonable care.

11. As a result, while Plaintiff was visiting Defendant's Walmart Supercenter store, located at the subject premises, she slipped and fell in the walkway due to a transitory substance, with no warning thereof, sustaining injuries as set forth.

12. As a direct and proximate result of the negligence of Defendant, WAL-MART STORES EAST, L.P., Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, CLEO GALLUCCIO, demands judgment against Defendant, WAL-MART STORES EAST, L.P., for damages, costs of this action, interest, and such other and further relief deemed proper by the Court, and demands a trial by jury on all issues so triable.

## COUNT II

### (CLEO GALLUCCIO v. JAMES LIARD)

Plaintiff, CLEO GALLUCCIO, realleges paragraphs 1 through 5 as though fully set forth herein.

13. At all times material hereto, Defendant, JAMES LIARD, was a store manager with supervisory authority for Defendant, WAL-MART STORES EAST, L.P.

14. Defendant, JAMES LIARD, was directly responsible for maintaining and operating the store and is therefore personally liable to Plaintiff. See, e.g., White v. Wal-Mart Stores, 918 So.2d 357 (Fla. 1st DCA 2006); Orlovsky v. Solid Surf, 405 So.2d 1363 (Fla. 4th DCA 1981).

15. Moreover, at all times material hereto, Defendant, JAMES LIARD, was directly responsible for executing the policies and procedures of store management of Defendant, WAL-MART STORES EAST, L.P., and was personally involved in Defendant, WAL-MART STORES EAST, L.P.'s conduct described herein, and is therefore personally liable to Plaintiff. See, e.g., White v. Wal-Mart Stores, 918 So.2d 357 (Fla. 1st DCA 2006); Orlovsky v. Solid Surf, 405 So.2d 1363 (Fla. 4th DCA 1981).

16. At all times material hereto, Defendant, JAMES LIARD, as the store manager of the subject premises, owed Plaintiff a duty to maintain the store in a reasonably safe condition.

17. At all times material hereto, Defendant, JAMES LIARD, as the store manager of the subject premises, owed Plaintiff a duty to warn Plaintiff of any latent dangers in the store, including a transitory substance in the walkway of the store, where it could have reasonably been anticipated that a customer would be walking.

Apr 27 2020 18:45:14 CDT   FROM: PZM/5884630981   MSG# 16101775287-1   PAGE 010 OF 013

18. At said time and place, Defendant, JAMES LIARD, breached his duty owed to Plaintiff by committing one or more or the following omissions or commissions:

a) Engaging in a negligent manner or practice such that an unreasonably dangerous condition of a transitory substance was permitted to exist in the walkway at the subject premises with no warning thereof;

b) Negligently failing to ensure Defendant's employees followed their non-delegable duty to maintain the premises in a reasonably safe condition for invitees (including but not limited to, hiring, training, and supervision of such employees);

c) Negligently failing to personally maintain or adequately maintain the premises, thus creating a hazardous condition to members of the public using said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

d) Negligently failing to have adequate policies and procedures in place to ensure that the subject premises, including areas where persons walked, were free of hazards and dangerous conditions such as the unreasonably dangerous condition of a transitory substance in the walkway of the subject premises, with no warning thereof;

e) Negligently failing to personally warn or adequately warn persons on the subject premises, including the Plaintiff, of the danger of the premises, to wit: the unreasonably dangerous condition of a transitory substance in the walkway at the subject premises with no warning thereof, when Defendant knew or through the exercise of reasonable care should have known that said premises and practice was unreasonably dangerous and that Plaintiff was unaware of same; and

6

f) Negligently failing to personally correct or adequately correct the unreasonably dangerous condition of a transitory substance in the walkway at the subject premises, with no warning thereof, when said condition and practice was either known to Defendant, JAMES LIARD, or had existed for sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

19. As a result, while Plaintiff was visiting Walmart Supercenter #1081, located at the subject premises, she slipped and fell in the walkway due to a transitory substance, with no warning thereof, while shopping in the store, sustaining injuries as set forth.

20. As a direct and proximate result of the negligence of Defendant, JAMES LIARD, the Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, CLEO GALLUCCIO, demands judgment against Defendant, JAMES LIARD, for damages, costs of this action, interest, and such other and further relief deemed proper by the Court, and demands a trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

RESPECTFULLY submitted this 25th day of February, 2020.

MORGAN & MORGAN, PLLC

Ryan L. Gilbert, Esquire
Florida Bar No.: 105931
104 N. Main Street, 5th Floor
Gainesville, Florida 32601
Phone: 352/204-4712
Facsimile: 352/204-4736
Email: Rgilbert@forthepeople.com
Secondary: Darcywhite@forthepeople.com
Secondary: Kmckenzie@forthepeople.com
Attorney For Plaintiff

8